"The Company reserves to itself the right to use its entire street distributing system above mentioned for its own private business, in distributing light and power to its customers, so as in no way to prevent the use thereof by the city for the purpose of lighting its public streets and places."

We think it perfectly evident that the two contracts entered into between these parties on the 30th day of July, 1904, the one upon which the present suit is based and that upon which the companion suit, numbered 1,740, infra, also under submission, is based, were parts and parcels of one scheme to evade those provisions of the charter of the defendant city expressly declaring that:

"No contract for removing garbage, sweeping, sprinkling, or lighting the streets, public buildings, places or offices, shall be made for a longer period than one year, nor shall any contract to pay for power, gas or electric light at a higher rate than the minimum price charged to any other consumer be valid."

"The city of Pasadena shall not be and is not bound by any contract, except as otherwise provided herein, unless the same is made in writing by order of the council and signed by the mayor or by some other person, in behalf of the city, authorized so to do by the council; provided, that the approval of the form of the contract by the city attorney shall be endorsed thereon before the council shall have power to order the same to be entered into in behalf of the city; but the council, by an ordinance duly adopted, may authorize any officer, board or commission or agent of the city to bind the city without a contract in writing for the payment for supplies, labor or other valuable consideration furnished to the city in an amount not exceeding one hundred dollars." Sections 1 and 8 of article 10 of the charter of the city (St. 1901, pp. 911, 912).

The positive prohibition of a statute can no more be avoided by evasion than it can be violated directly. A citation of authorities upon so plain a proposition is unnecessary. So, too, is the law well settled that where, as in the cases between these parties here under consideration, the contract upon which suit is brought is forbidden by statute, the acceptance of benefits raises no implication of an obligation. The law is not properly chargeable with the absurdity of implying an obligation to do that which it forbids.

The judgment is affirmed.

---

EDISON ELECTRIC CO. v. CITY OF PASADENA.

(Circuit Court of Appeals, Ninth Circuit. May 2, 1910.)

No. 1,740.

In Error to the Circuit Court of the United States for the Southern Division of the Southern District of California.

Action by the Edison Electric Company against the City of Pasadena. Judgment for defendant, and plaintiff brings error. Affirmed.

H. H. Trowbridge and Willoughby Rodman, for plaintiff in error.
J. P. Wood, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

PER CURIAM. Upon the authority of Edison Electric Company, a Corporation, v. City of Pasadena, a Municipal Corporation (No. 1,739, just decided) 178 Fed. 425, the judgment is affirmed.